SAMUEL RUBIN, Landlord, Respondent, *v.* ISRAEL LETECHEVSKY, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, June 24, 1924.

**Summary proceedings to dispossess — proceeding by landlord to recover possession of premises for his own personal use — question of good faith of landlord for jury — direction of verdict error.**

It is reversible error in summary proceedings instituted by a landlord to recover possession of premises for his own personal use to direct a verdict in favor of the landlord where there was testimony indicating that the defendant would be permitted to remain in the premises upon payment of an increased rental, since the evidence presented a fair question for the jury as to the landlord's good faith.

APPEAL by tenant from a final order entered upon a directed verdict of the Municipal Court of the city of New York, borough of Manhattan, sixth district, in favor of the landlord, after a trial by a judge and jury.

*Albert A. Klein,* for the appellant.

*Max Sheinart,* for the respondent.

*Per Curiam.* This was an action by the landlord to recover premises for his own personal use. The learned trial court being of the opinion that the facts presented such a case for the landlord that a verdict in favor of the tenant would be contrary to the evidence, has directed a verdict.

In our opinion the facts do not bear such a construction. There was repeated testimony indicating that the landlord would allow the tenant to remain, upon payment of two dollars a month increased rental. This alone presented a fair question for the jury. In addition to that it was testified, in order to show the landlord's fairness and good faith in the matter, that he had offered the tenant another apartment in the building at the same rental that the tenant was then paying. In view, however, of the fact that the apartment thus offered was on the fourth floor and consisted of four rooms whereas the tenant occupied an apartment on the second floor of five rooms, this was an indirect method of increasing the rent from six dollars and sixty cents to seven dollars and fifty cents per room and instead of being probative of the good faith of the landlord it might have had exactly the opposite effect. To say the least, therefore, there was a fair question for the jury as to the landlord's good faith, and the direction of a verdict was error which requires the final order to be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, MULLAN and LEVY, JJ.

Order reversed and new trial ordered.